UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN CURWEN,<br><br>              Plaintiff,<br><br>    v.<br><br>MARK J. DYNAN, et al.,<br><br>              Defendants. | CASE NO. C11-5598BHS<br><br>ORDER |

This matter comes before the Court on Defendants' motion to compel arbitration (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 2, 2011, Plaintiff Susan Curwen ("Mrs. Curwen") filed a complaint alleging claims against Defendants for discrimination, unlawful retaliation, wrongful termination, outrage, whistleblowing and breach of contract. *See* Dkt. 1. On October 27, 2011, Defendants filed the instant motion to compel arbitration. Dkt. 17. On November

1  7, 2011, Mrs. Curwen responded (Dkt. 19) and on November 11, 2011, Defendants
2  replied (Dkt. 22).
3        Mrs. Curwen's husband, Greg Curwen ("Mr. Curwen"), joined Gierke, Curwen,
4  P.S. ("the firm") in 1974.  Dkt. 1 at 2.  Mrs. Curwen was the office manager of the firm
5  for many years.  *Id*.  Mrs. Curwen's claims against Defendants stem from her time as an
6  employee of the firm.  *See id*.  Mr. Curwen also filed claims against Defendants in a
7  separate action in Pierce County Superior Court and the action is now pending in
8  arbitration.  *See Curwen v. Gierke Curwen, PS*, Pierce County Superior Court, Cause No.
9  11-2-12271-4.
10        On January 8, 2008, Mrs. Curwen signed a consent form that was attached to the
11  Second Amended Shareholder Agreement ("Shareholder Agreement"), an agreement that
12  had been signed by Mr. Curwen and the three other shareholders of the firm.  *See* Dkt.
13  20, Ex. C.  The consent form states that Mrs. Curwen agrees to be bound by the terms and
14  provisions of the Shareholder Agreement, to the same extent that her spouse is bound by
15  the terms and provisions of the agreement.  *Id*., Ex. C at 51.  The same consent form was
16  signed by the spouses of the other shareholders.  *Id*., Ex. C at 52-53.

17  **II. DISCUSSION**

18  **A.  Arbitrability**

19        Arbitrability is a question for the courts to decide.  *Bridge Fund Capital Corp. v.*
20  *Fastbucks Franchise Corp.*, 622 F.3d 996, 998 (9th Cir. 2010) ("The arbitrability of a
21  particular dispute is a threshold issue to be decided by the courts, unless that issue is
22  explicitly assigned to the arbitrator").  Further, "[q]uestions of arbitrability" – such as

whether an arbitration agreement exists and whether an arbitration clause covers the dispute in question – are issues "for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (citing *AT&T Techs., Inc. v. Commc'n Workers of America*, 475 U.S. 643, 649 (1986)). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navig. Co.*, 363 U.S. 574, 582 (1960). However, when an agreement to arbitrate exists, federal courts have long recognized and enforced a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

As Mrs. Curwen notes, the arbitration provision in the Shareholder Agreement relied on by Defendants in this case invokes Washington state law and therefore, Washington's codification of the Uniform Arbitration Act applies. *See* Dkt. 20, Ex. C at 49 (provision states that disputes are subject to arbitration under the provisions of Chapter 7.04 RCW"). However, because federal law and Washington law are the same on the issues involved in Defendants' motion, specifically, that a court is to decide whether an agreement to arbitrate exists or whether a matter is subject to an agreement to arbitrate, for purposes of deciding Defendants' motion, the Court relies on federal case law.

**B.     Defendants' Motion to Compel Arbitration**

Defendants, in their motion to compel arbitration, argue that Mrs. Curwen's claims are subject to arbitration based on the following: (1) Mrs. Curwen's signing of the

ORDER - 3

consent to the Shareholder Agreement that contains an arbitration provision; (2) the existence of Mr. Curwen's pending case in which his "related" claims have been sent to arbitration by the state court; and (3) the existence of other pending cases involving similar claims that are subject to arbitration.

**1.     Arbitration Provision in the Shareholder Agreement**

Paragraph 16 of the Shareholder Agreement states:

> Any disputes arising out of the interpretation or enforcement of any of the terms and provisions of this Agreement shall be subject to arbitration under the provisions of Chapter 7.04, RCW provided that reasonable discovery shall be allowed under the provisions of the Civil Rules 26-37 of the Washington Court Rules, as now enacted or as hereinafter amended. The venue of any such proceeding shall be in Pierce County Washington.

Dkt. 20, Ex. C. at 49. Based on this provision in the Shareholder Agreement, to which Mrs. Curwen signed a consent form, and the principle that arbitration agreements are favored, Defendants argue that Mrs. Curwen's claims against them are subject to arbitration.

Mrs. Curwen maintains that her claims against Defendants do not arise out of the Shareholder Agreement and therefore are not subject to arbitration. In her opposition to Defendant's motion to compel, Mrs. Curwen states:

> Mrs. Curwen does not allege breach of the shareholder agreement. Her claims do not require interpretation or enforcement of any of the shareholder agreement's terms. Mrs. Curwen's claims are based purely on the employer–employee relationship she had with Gierke Curwen, a subject that the shareholder agreement does not cover. It bears repeating that the other spouses who signed the same "consent" were not employees of the firm. Curwen Decl. ¶ 14. As Mrs. Curwen states, "The consent form[s] clearly deal[] with our husbands' status as shareholders only and are designed to protect the other shareholders in the event of a divorce or the

ORDER - 4

> death of a married shareholder. That is not the situation presented here."
> *Id.*

Dkt. 19 at 4. The Court agrees with Mrs. Curwen. While arbitration agreements are favored, Mrs. Curwen "cannot be required to submit to arbitration any dispute which [s]he has not agreed so to submit." *United Steelworkers*, 363 U.S. at 582. In signing the Shareholder Agreement, Mrs. Curwen agreed to submit to arbitration "disputes *arising out of* the interpretation or enforcement of any of the terms and provisions" of the agreement. Dkt. 19 at 4 (emphasis added). Mrs. Curwen's claims against Defendants arise out of her employment with the firm, not her position as a spouse of one of the firm's shareholders. *See* Dkt. 1 (alleging claims against Defendants for discrimination, unlawful retaliation, wrongful termination, outrage, whistleblowing and breach of contract). Accordingly, Mrs. Curwen cannot be compelled to submit those claims to arbitration based on the arbitration provision in the Shareholder Agreement.

      **2.     Judicial Estoppel and Stare Decisis**

Defendants argue that principles of judicial estoppel should prevent Mrs. Curwen from arguing that her claims are not arbitrable in this case. First, Defendants contend that because Mr. Curwen's claims in a pending case are subject to arbitration under the Shareholder Agreement and Mrs. Curwen signed that agreement which states that she agrees "to be bound by the terms and provisions of the [Shareholder Agreement], to the same extent that [her] spouse is bound by the terms and provisions thereof," (Dkt. 19, Ex. C) her claims are also subject to arbitration. *See* Dkt. 17. However, the Court concludes that judicial estoppel does not apply.

ORDER - 5

1   "Judicial estoppel is an equitable doctrine invoked by a court at its discretion."
2   *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (internal quotation marks
3   and citations omitted).  The Ninth Circuit, in determining whether to apply the doctrine,
4   typically considers the following: "(1) whether a party's later position is clearly
5   inconsistent with its original position; (2) whether the party has successfully persuaded
6   the court of the earlier position, and (3) whether allowing the inconsistent position would
7   allow the party to derive an unfair advantage or impose an unfair detriment on the
8   opposing party."  *Id*. (internal quotation marks omitted).

9    The fact that Mrs. Curwen signed the consent to the Shareholder Agreement
10  means that she agrees to be bound to the same extent as Mr. Curwen for any interest or
11  claims she may have *arising under the Shareholder Agreement*.  Defendants have failed
12  to show how Mrs. Curwen's consent to that agreement and Mr. Curwen's submission to
13  arbitration of his claims that do *arise under the Shareholder Agreement* somehow invoke
14  estoppel to require Mrs. Curwen to submit to arbitration her claims arising out of her
15  employment with the firm.  Judicial estoppel does not apply because Mrs. Curwen has
16  not stated a position that is inconsistent with an original position.  Rather, she has chosen
17  to pursue her claims arising out of her employment with the firm in this Court instead of
18  through arbitration.  This position is not inconsistent with her husband submitting claims
19  to arbitration that arose under the Shareholder Agreement that contained a mandatory
20  arbitration provision.  The fact that Mr. and Mrs. Curwen's claims may be similar, or the
21  fact that they have an interest in the outcome of each other's claims as a married couple,
22

1  does not change the fact that Mr. Curwen's claims arise under the Shareholder

2  Agreement and Mrs. Curwen's do not.

3        Defendants also argue that Mrs. Curwen's claims should be subject to arbitration

4  under the principle of stare decisis because "[a]rbitration has already been ordered in two

5  related cases involving the same and similar claims, arbitration provisions, and parties."

6  Dkt. 17 at 8. However, as the Court explained above, the fact that Mr. Curwen's claims

7  are subject to arbitration pursuant to the provision in the Shareholder Agreement does not

8  require Mrs. Curwen to arbitrate claims that do not arise out of that agreement. Similarly,

9  the fact that other employees with claims similar to Mrs. Curwen were also required to

10 arbitrate pursuant to arbitration agreements they signed does not require Mrs. Curwen to

11 arbitrate her claims where she did not sign an agreement.

12       The doctrines of judicial estoppel and stare decisis do not apply. Arbitration

13 requires consent and Mrs. Curwen cannot be compelled to arbitrate disputes to which she

14 did not agree to submit to arbitration.

### III. ORDER

16       Therefore, it is hereby **ORDERED** that Defendants' motion to compel arbitration

17 (Dkt. 17) is **DENIED**.

18       Dated this 13th day of December, 2011.

                                            BENJAMIN H. SETTLE
                                            United States District Judge