1

2

3

4                                                               Hon. Benjamin H. Settle

5

6                            UNITED STATES DISTRICT COURT
7                   WESTERN DISTRICT OF WASHINGTON AT TACOMA

8   SUSAN CURWEN,

9              Plaintiff,                        No. 3:11-cv-05598-BHS

10       vs.                                     DEFENDANT GIERKE, CURWEN, P.S.'S
                                                 MOTION TO AMEND CASE SCHEDULING
11  MARK J. DYNAN; MARK W.                       ORDER AND BRIEFLY STAY
    CONFORTI; GIERKE, CURWEN, P.S.,              DISCOVERY PENDING MEDIATION
12
               Defendants.                       NOTED FOR HEARING:
13                                               APRIL 6, 2012

14                              **I.  INTRODUCTION**

15          Defendant Gierke Curwen, PS (the "Firm") requests the Court amend its Minute Order

16  Setting Jury Trial and Pretrial Dates and Ordering Mediation ("Minute Order"). (ECF No. 25).

17  The Firm believes that amending the case scheduling order will promote early resolution in this

18  matter, and the companion case of *Curwen v. Dynan*, brought by Ms. Curwen's husband

19  Gregory Curwen.  In addition, based on the prior efforts of the parties in these cases in regard

20  to mediation and arbitration, amending the case scheduling order will promote the ends of

21  justice by permitting the parties sufficient time to prepare for trial.

22          Mediation is currently set in this case for May 8, 2012.  The Firm requests that this

23  Court also briefly stay discovery in this case to avoid the prohibitive costs of recent discovery

24  that may be rendered moot by the mediation that is set to occur in just several weeks.

25

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 1
3:11-cv-05598-BHS
5414372.doc

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## II. FACTS

This case is companion litigation to the case of *Gregory B. Curwen v. Mark J. Dynan, Mark W. Conforti, Gierke, Curwen, P.S.*, Superior Court of Washington in and for Pierce County, case number 11-2-12271-4 ("the Gregory Curwen case"). *See* (ECF No. 18, Ex. 2). The claims in the Gregory Curwen case are subject to contract mediation and arbitration and are not subject to a Superior Court case scheduling order. (ECF No. 18, Ex. 3). The plaintiffs in the two cases, Gregory Curwen and Susan Curwen, are husband and wife, and their claims arise out of their employment with the Firm. (ECF No. 1 at 1 ¶ 1). Mr. and Mrs. Curwen are both represented by attorney William Smart and Keller Rohrback LLP. *See* (ECF No. 1 at 7); (ECF No. 18, Ex. 2 at 15).

Mrs. Curwen asserts claims for (1) unlawful sex discrimination, (2) unlawful marital status discrimination, (3) unlawful age discrimination, (4) unlawful retaliation, (5) wrongful termination, (6) outrage, (7) intentional infliction of emotional distress, (8) termination due to whistle-blowing, (8) breach of contract, (9) damages for back pay, (10) damages for front pay, (11) damages for emotional distress, anxiety, mental anguish, (12) pre-judgment interest on back pay, (13) punitive damages, (14) post-judgment interest, (15) attorney fees and costs. (ECF No. 1 at 4-6). It is anticipated that the documentation that eventually will have to be located, reviewed, and produced, might be in the range of ten to twenty thousand pages of records. Declaration of Marc Rosenberg ("Rosenberg decl.") at ¶ 2. The parties' initial disclosures in the Susan Curwen case identify thirty-five witnesses. *Id.* Also, based on the claims and the defenses, it is reasonable to estimate approximately six to eight expert witnesses will be presented in the case for all parties. *Id.*

In the Gregory Curwen case the agreements require that mediation be held before the parties engage in the formal arbitration discovery process. (ECF No. 18, Ex. 1 at ¶ 16.3) ("As a precondition of the demand for arbitration the parties agree that they shall participate in a one-

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 2
3:11-cv-05598-BHS
5414372.doc

**LEE • SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

day, non-binding mediation of the dispute(s)"). In the Susan Curwen case, the parties have, until recently, followed a similar approach and have not conducted formal discovery. In order to reduce litigation costs and to reduce animosity, the parties delayed written discovery and depositions in the Susan Curwen case as well as in the Gregory Curwen case. The parties recognized it was best in these cases to first try to resolve the claims rather than to litigate the claims and perhaps further polarize the parties' positions.

It has taken the parties a considerable amount of time to agree on a mediator and a mediation date. Rosenberg decl. at ¶ 4. There are voluminous emails and correspondence on these issues in the two cases that could be submitted to support this proposition, but the Firm chooses not to flood the Court with documents. The parties recently agreed Judge Terrence Carroll (retired) will act as the mediator of the claims, and the mediation date is May 8, 2012. *Id.* The parties recently agreed that the arbitrator for the Gregory Curwen case will be Judge Steven Scott (retired). *Id.*

The case schedule deadlines in the Susan Curwen case are approaching. (ECF No. 25). Apparently, due to the pending deadlines, Mrs. Curwen's attorneys recently sent notice of a videotaped 30(b)(6) deposition of Gierke, Curwen, P.S. Rosenberg decl., Ex. 1 [Dep. Notice].[1] The notice lists twenty-two subjects and types of records that the designated witness(es) is directed to be ready to testify about, and the notice directs the Firm to bring to the deposition various categories of documents. *Id.* The Deposition Notice represents that the Firm is required to provide deponents to testify, and is "required to produce any and all documents relating to" the following categories:

    1.     Susan Curwen.

    2.     Greg Curwen.

---

[1] The Firm believes that there are deficiencies in regard to the deposition notice, but will not raise issues regarding the deficiencies at this point.

3.    Susan Curwen's employment.

4.    Greg Curwen's employment.

5.    All claims of employment discrimination made against the firm in the past 10 years.

6.    All investigations conducted by or for the firm into allegations of employment discrimination made against the firm in the past 10 years.

7.    All claims of retaliation made against the firm in the past 10 years.

8.    All investigations conducted by or for the firm into allegations of retaliation made against the firm in the past 10 years.

9.    Susan Curwen's employment contract.

10.   The firm's policies, protocols, or procedures relating to employment discrimination.

11.   The firm's policies, protocols, or procedures relating to employee reviews.

12.   Statements made by Mark Dynan or Mark Conforti regarding Susan Curwen.

13.   Statements made by Mark Dynan or Mark Conforti regarding Greg Curwen.

14.   Emails or other correspondence involving Mark Dynan and/or Mark Conforti regarding Susan Curwen.

15.   Emails or other correspondence involving Mark Dynan and/or Mark Conforti regarding Greg Curwen.

16.   The employment of Ginger Bagley, including the hiring, training, supervision, and retention of Ginger Bagley.

17.   The computer hard drive for each computer used by Mark Dynan, Mark Conforti, Susan Curwen, or Greg Curwen in the past four years.

18.   The allegations in plaintiff's complaint.

19.   The defenses asserted by the firm.

20.   Each document, file, memorandum, or other written or recorded document relating to any of the above topics.

21.   Pay of all employees.

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 4
3:11-cv-05598-BHS
5414372.doc

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

22.    Discipline or termination against any employees.
Rosenberg decl., Ex. 1.

It is anticipated that the location, accumulation, and review of those records will take a considerable amount of time for the employees and attorneys, and result in disruption to the work of the defendant law firm, in addition to expenditure of significant legal fees by all parties.  Rosenberg decl. at ¶ 6.   The Firm, and presumably all of the parties, wants to reduce the time, expense, and possible acrimony that will be associated with fully litigating either of the cases.  *Id.*     In the Gregory Curwen arbitration case, the agreements at issue provide for mediation before the arbitration process can begin.  (ECF No. 18, Ex. 1 at ¶ 16.3).  In order to focus completely on the mediation process and to avoid the time, expense, and acrimony, the Firm requests that the Minute Order be amended to allow the parties enough time to complete the mediation process before having to engage in the discovery process.  The Firm requests that the trial date and the case schedule deadlines be adjusted by five months and that formal discovery shall be stayed until the mediation is held.

Counsel for the Firm has in good faith conferred with other affected parties in an effort to resolve the dispute without court action.  However, the Firm was unable to obtain Plaintiff's agreement to amend the case schedule and/or stay discovery.

### III.  ARGUMENT AND AUTHORITIES

A.    **Motion to amend the case scheduling order.**

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).  The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) *cert. denied*, --- S.Ct. ---- , 2012 WL 538393 (U.S. Feb. 21, 2012).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 5
3:11-cv-05598-BHS
5414372.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The Court's Minute Order requires the parties to participate in a settlement conference and mediation pursuant to Local Rule CR 39.1.  (ECF No. 25).  "The court finds that the use of alternative dispute resolution procedures promotes timely and affordable justice while reducing calendar congestion." CR 39.1(a)(1).   "Litigants in all civil cases subject to this rule shall consider the use of ADR procedures at all appropriate stages in the litigation, including the early stages of the litigation." CR 39.1(a)(5).  "As the case proceeds, if counsel for any party concludes that an ADR procedure would have a significant possibility of fostering an early and inexpensive resolution of the case, that counsel shall so advise the court and all other counsel in writing." CR 16(b).  "The court may, by order in a specific case, modify or forego any of the procedures or deadlines set forth in this rule."  CR 16(m)(2).

In this case, the Parties have devoted a significant amount of time in trying to resolve the instant case and the Gregory Curwen through alternative dispute resolution, without having devoted the substantial means that would be necessary to fully engage in formal discovery. Rosenberg decl. at ¶ 3-4.  The Parties have finally succeeded in choosing a mediator acceptable to all Parties in this case, and the Gregory Curwen case, and they have set a mediation date of May 8, 2012. Id. at ¶ 2-3.  However, because of its devotion to attempts to resolve this case, and the related Curwen case short of full formal litigation, it would be very difficult for the Firm to meet the current case scheduling order, especially in regard to the disclosure of expert witness reports, which is set to occur on June 4, 2012. (ECF No. 25).  The Firm also notes that, in the Joint Status Report and Discovery Plan, Defendants indicated their belief that they could be ready for trial by March 2013. (ECF No. 23 at 4 ¶ 12).  The Court ultimately set the trial for December 11, 2012. (ECF No. 25).

The Civil Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  While it may

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 6
3:11-cv-05598-BHS
5414372.doc

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   not be quite as speedy, amending the case schedule may well lead to a more just and
2   inexpensive resolution to the issues involved in this case, and in Greg Curwen's companion
3   case. Early and inexpensive resolution of disputes will not be promoted by encouraging the
4   parties to engage in written discovery, depositions, discovery motions, records location and
5   review and production, and expert witness retention and record review and report writing,
6   especially where such discovery has been reserved until immediately before mediation is set to
7   occur. Amending the case scheduling order will not prejudice Ms. Curwen. Therefore, the
8   Firm requests that the trial date and the case schedule deadlines be adjusted by five months.

9   **B.      Motion to stay discovery for six weeks, to May 8, 2012, to permit mediation
10          to occur prior to expansive discovery.**

11          The court has broad discretionary powers to control discovery. *Little v. City of Seattle*,
12   863 F.2d 681, 685 (9th Cir.1988). The court may limit discovery upon showing of good cause.
13   Fed. R. Civ. P. 26(c). For example, a court may relieve a party of the burdens of discovery
14   while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir.1989),
15   amended 906 F.2d 465 (9th Cir.1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir.1984).

16          Here, early and inexpensive resolution of disputes will not be promoted by encouraging
17   the parties to engage in written discovery, depositions, discovery motions, records location and
18   review and production, and expert witness retention and record review and report writing. In
19   fact, at this point, subjecting the Firm to this discovery immediately before mediation would
20   present the complete antithesis of setting the stage for an amicable resolution. This is
21   especially so where attorney fees are a potential issue, as in this case. Permitting excessive
22   discovery, such as would be entailed in providing documents related to Plaintiff's 30(b)(6)
23   deposition notice, *see* Rosenberg decl., Ex. 1, would primarily serve to greatly drive up the cost
24   of litigation just before mediation and reduce the chance of amicably resolving this case. The
25   stay requested by the Firm is very brief, only about six weeks, and would last only until after

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 7
3:11-cv-05598-BHS
5414372.doc

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

mediation has been held in this matter on May 8, 2012, and it is possible that there would be no need for any discovery after that date if the matter resolves.

In the recent case of *ArrivalStar, S.A. v. Blue Sky Network, LLC*, 2012 WL 588806 (N.D. Cal. Feb. 22, 2012), defendant Blue Sky moved to stay discovery pending mediation "to avoid any further unnecessary expenses in defending against this action." Blue Sky asserted that "needless discovery would be a waste of time, effort, and resources for counsel and the litigants, and might in fact chill an appropriate resolution of this matter." The Court concluded that Blue Sky had shown "good cause" to justify a stay of discovery pending mediation, and found that staying discovery pending mediation would conserve the resources of the parties and would not impose an inequity on any party.

The facts of this case are in some ways similar to *ArrivalStar* in that the Plaintiff has noted a deposition while mediation is already pending. And, like *ArrivalStar*, briefly suspending discovery would avoid needless waste of time, effort, and resources for counsel and the litigants, and the chilling effect that discovery might have on the mediation; and, at the same time, would conserve the resources of the parties, would not impose an inequity on any party, and could contribute to the amicable resolution of the case without litigation.

The Firm further notes that, even if the mediation were note pending, it would be proper to quash some of the requested discovery in that it: (a) infringes on the privacy rights of non-parties, and (b) is ambiguous and over-burdensome in its scope. Rather than engage in a knock down drag out discovery battle at this stage of the litigation, it would be better for the Court merely to stay discovery until after mediation and see if such battles may be avoided.

For example, some of the documents demanded include the personnel files of non-party employees. For example, in *City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990), plaintiffs filed a complaint against the City of Santa Ana alleging violation of civil rights and

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 8
3:11-cv-05598-BHS
5414372.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

employment discrimination.   Plaintiffs moved for discovery of personnel files and the defendants sought a protective order to limit plaintiffs' discovery.   The district court granted the protective order in part, limiting the discovery to (1) statistical data, compiled by the defendant, (2) comparative data regarding the compensation of members of the employees, with no identification of members beyond ethnic and sex classifications.   On appeal, the Ninth Circuit held:

> While these [personnel] files are not absolutely privileged, the confidential nature of the employee personnel files suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation and would impact disciplinary procedures within the SAPD….
>
> The district court did not abuse its discretion in denying access to these files. While plaintiffs demonstrate the relevance of statistics to their suit, they fail to show that discovery of the actual files was necessary.   Focused discovery could have been employed.

*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (1990).

In *White v. City of San Diego*, 605 F.2d 455 (9th Cir. 1979), plaintiff filed suit alleging that she had been discriminated against on the basis of sex in her attempt to obtain promotion to higher level positions.   Plaintiff sought the personnel file of an employee who had been promoted to a higher level accountant position during the time when the employer allegedly discriminated against women.   The defendant sought a protective order precluding discovery of this information, and submitted an affidavit stating why the information was privileged.   The plaintiff responded that the information was "vital." The district court entered a protective order denying discovery of this information.   On appeal, plaintiff claimed that she was improperly denied discovery but did not specify to the court why the material was needed.   The court of appeals stated that without more evidence from the plaintiff justifying the need for the employment file, it could not be said that the district court abused its discretion.

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2          In *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999), plaintiffs contended the district

3   court abused its discretion by granting AT&T a protective order limiting access to personnel

4   files of nonparty AT&T employees. The Sixth Circuit affirmed the district court, holding:

5          Such protective orders are commonly granted, however, as a means of
           protecting the privacy interests of nonparties while yet serving the needs of
6          litigation … Courts have also specifically granted such orders to protect
           nonparties from the harm and embarrassment potentially caused by
7          nonconfidential disclosure of their personnel files. (citations omitted) …
           personnel files might contain highly personal information such as an
8          individual's unlisted address and telephone number, marital status, wage
           information, medical background, credit history (such as requests for
9          garnishment of wages), and other work-related problems unrelated to plaintiff's
           claims … It is clear that defendants had a valid interest in the privacy of
10         nonparty personnel files and that it was within the district court's power to grant
           the challenged protective order.

11  *Id*. at 365.

12         The Federal Rules clearly do not give the plaintiffs a license to rummage through the

13  private information of the District's non-party employees. *Sanchez v. City of Santa Ana*, 936

14  F.2d 1027, 1034 (1990). In addition, responding to such requests would be incredibly over-

15  burdensome to the Firm. Indeed, in light of the relevancy of the personnel files, coupled with

16  the very significant privacy concerns, such requests for production should be precluded or

17  limited to relevant records. *Id*.; *White v. City of San Diego*, 605 F.2d 455, 460 (9th Cir. 1979);

18  *United States v. Cadet*, 727 F.2d 1453, 1467 (1984).

19         Likewise, Plaintiff makes other over-burdensome demands, such as demanding the

20  computer hard drive for each computer used by Mark Dynan, Mark Conforti, Susan Curwen, or

21  Greg Curwen in the past four years; all investigations conducted by or for the firm into

22  allegations of employment discrimination made against the firm in the past 10 years; and each

23  document, file, memorandum, or other written or recorded document relating to any of the

24  topics listed. These requests are rife with documents that implicate the privacy on non-parties,

25

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 10
3:11-cv-05598-BHS
5414372.doc

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

contain attorney client privileged documents, and are very over-burdensome.  Rather than fight this battle now, the issues may resolved merely by way of a short stay of discovery.

Counsel for the Firm has in good faith conferred with other affected parties in an effort to resolve the dispute without court action.  However, the Firm was unable to obtain Plaintiff's agreement to strike the 30(b)(6) deposition and/or stay discovery.

## IV.  CONCLUSION

The Firm requests that this Court enter an order amended the case scheduling order and continuing all dates for a period of five months, in order to permit the parties to fully engage in efforts to resolve this matter with alternative dispute resolution, which is already scheduled for May 8, 2012.  The Firm also requests that the Court briefly stay discovery until May 8, 2012, when mediation is scheduled to occur.

## V.  PROPOSED ORDER

A proposed order is being submitted with this motion.

Respectfully submitted March 29, 2012.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Joel E. Wright, WSBA No. 8625
    Michelle A. Corsi, WSBA No. 24156
    Marc R. Rosenberg, WSBA No. 31034
    Attorneys for Defendant
    Gierke, Curwen, P.S

    701 Pike Street, Suite 1800
    Seattle, WA  98101
    206-624-7990
    jw@leesmart.com; mac@leesmart.com;
    mr@leesmart.com

DEFENDANT GIERKE CURWEN'S OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND STAY - 11
3:11-cv-05598-BHS
5414372.doc

1

<u>DECLARATION OF SERVICE</u>

2

     I hereby certify that on the date provided below, I electronically filed with the Clerk of

3

the Court using the CM/ECF system the foregoing motion, and Declaration of Marc Rosenberg

4

in support of the motion, which will send notification of filing to the following individuals:

5

     Mr. William C. Smart
     Mr. Isaac Ruiz

6

     Keller Rohrback, LLP

7

     Washington Mutual Tower
     1201 Third Avenue, Suite 3200

8

     Seattle, WA  98101
     (206) 623-1900

9

10

     Mr. Michael Griffin
     Mr. David Black

11

     Jackson Lewis LLP
     600 University Street, Suite 2900

12

     Seattle, WA 98101
     (206) 405-0404

13

14

     John T. Dalton
     Merrick, Hofstedt & Lindsey, P.S.

15

     3101 Western Avenue, Suite 200
     Seattle, WA 98121

16

     (206) 682-0610

17

     I declare under penalty of perjury under the laws of the State of Washington that the

18

foregoing is true and correct, to the best of my knowledge.

19

     DATED March 29, 2012, at Seattle, Washington.

20

               LEE SMART, P.S., INC.

21

               By: <u>s/ Marc Rosenberg</u>

22

                    Marc Rosenberg, WSBA No, 31034
                    Of Attorney for Defendant

23

                    Gierke, Curwen, P.S

24

                    701 Pike Street, Suite 1800
                    Seattle, WA  98101

25

                    206-624-7990
                    mr@leesmart.com

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944