The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN CURWEN,

          Plaintiff,

v.

MARK J. DYNAN; MARK W. CONFORTI; GIERKE, CURWEN, P.S.,

          Defendants.

No. 3:11-cv-05598 BHS

MOTION TO COMPEL DISCOVERY

**NOTE ON MOTION CALENDAR:
APRIL 13, 2012**

## I. RELIEF REQUESTED

Plaintiff Susan Curwen requests an order directing that discovery continue notwithstanding the parties' agreement to mediate the claims in this action. There is no authority of which we are aware that stays discovery while the parties engage in alternative dispute resolution (ADR). To the contrary, we believe that the public policy favoring ADR would be undermined if agreeing to mediate also meant delaying discovery and delaying the ultimate resolution of the case, should ADR fail.

## II. EVIDENCE

Mrs. Curwen submits the Declaration of Isaac Ruiz in Support of Motion to Compel Discovery (Ruiz Decl.). Mrs. Curwen also relies on the documents in the case file, including her

MOTION TO COMPEL DISCOVERY
(3:11-cv-05598 BHS) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27379\2\PLEADINGS - SUSAN CURWEN\MOTION TO COMPEL DISCOVERY.DOC

complaint. She also relies on the declaration she filed on November 7, 2011, Doc. 20, the Court's order of December 13, 2011, denying defendants' motion to compel arbitration, Dkt. 24, and the Court's minute order of January 4, 2012, setting trial and pretrial dates, Dkt. 25.

### III.  FACTS

#### A.  General Overview of Mrs. Curwen's Claims

Mrs. Curwen brings this employment-discrimination case against defendants Mark Dynan, Mark Conforti, and the law firm formerly known as Gierke, Curwen, P.S.[1] She was neither an attorney nor a shareholder of the firm. For years, the firm employed Mrs. Curwen as its office manager. The "Curwen" in Gierke Curwen referred to her husband, attorney Greg Curwen, who joined the firm in the 1970s. In 2010, while Mr. Curwen was on leave from the firm for medical reasons, Mrs. Curwen was forced to "retire" by Mr. Dynan and Mr. Conforti, the two individuals who were running the firm. Doc. 20 ¶ 11. In other words, Mr. Dynan and Mr. Conforti fired Mrs. Curwen. *Id.* Mrs. Curwen filed this lawsuit against Mr. Dynan, Mr. Conforti, and the firm asserting claims for, among other things, unlawful sex, marital-status, and age discrimination and retaliation under state law; unlawful sex and age discrimination and unlawful retaliation under federal law; and wrongful termination in violation of public policy. *Id.* ¶ 12.

#### B.  This Court's Ruling Regarding Arbitrability

Greg Curwen—Mrs. Curwen's husband—has also sued these defendants. Mr. Curwen agreed to arbitrate his claims. Mrs. Curwen never agreed to arbitrate her claims. Last year, defendants nonetheless moved to compel arbitration of Mrs. Curwen's claims. This Court denied the motion to arbitrate on December 13, 2011. Doc. 24. There was **no preexisting agreement**

---

[1] The firm is a professional services corporation. It recently changed its name to Dynan Conforti, P.S. Plaintiff has moved to amend the complaint to reflect the name change. The parties agreed to put off that motion pending mediation discussions.

MOTION TO COMPEL DISCOVERY
(3:11-cv-05598 BHS) Page - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

requiring Mrs. Curwen to engage in ADR, either arbitration or mediation. The only legal requirement for ADR is found in this Court's local rules, *see* Local Civil Rule 39.1; *see also* Local Civil Rule 16(a), and in the Minute Order Setting Jury Trial and Pretrial Dates and Ordering Mediation, Doc. 25.

C.  **Overview of Case Scheduling Order**

This Court entered the Minute Order Setting Jury Trial and Pretrial Dates and Ordering Mediation on January 4, 2012. Doc. 25. Some important future deadlines are:

| Event | Date |
|---|---|
| Disclosure of Expert Testimony Under Fed. R. Civ. P. 26(a)(2) | June 4, 2012 |
| Disclosure of Expert Rebuttal Expert Testimony Under Fed. R. Civ. P. 26(a)(2) | July 5, 2012 |
| All Motions Related to Discovery Must Be Filed By | July 16, 2012 |
| Discovery Completed By | August 13, 2012 |
| All Dispositive Motions Must Be Filed By | September 12, 2012 |
| Settlement Conference Per Local Rule Local Civil Rule 39.1(c)(2) Must Be Held No Later Than | October 12, 2012 |
| Mediation Per Local Rule CR 39.1(c) Must Be Held No Later Than | November 1, 2012 |
| Trial | December 11, 2012 |

See id.

MOTION TO COMPEL DISCOVERY
(3:11-cv-05598 BHS) Page - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27379\2\PLEADINGS - SUSAN CURWEN\MOTION TO COMPEL DISCOVERY.DOC

**D.     Discovery Sent by Plaintiff**

Mrs. Curwen has served a notice of deposition under Fed. R. Civ. P. 30(b)(6), with an accompanying request for documents. The deposition notice identifies 22 topics for deposition. *See* Ruiz Decl. Ex. A at 2-3. The parties separately have agreed to mediate the dispute, in early May. Defense counsel has indicated that they will ask the Court to stay discovery and to delay current case deadlines pending the mediation. The present motion, filed by plaintiff, is for a ruling that discovery is **not stayed** and that discovery must go forward as previously scheduled.

## IV.     ISSUE

Does a party's agreement to mediate justify a stay of discovery and delay of case deadlines? **No.**

## V.     LEGAL AUTHORITY AND ANALYSIS

**A.     The discovery period has begun and is ongoing.**

According to Fed. R. Civ. P. 26(d), discovery begins when the parties hold their Fed. R. Civ. P. 26(f) conference. That has already occurred. The discovery cut-off in this case is August 13, 2012. Doc. 25 at 1. Rule 26(d) also says that "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(2)(A).

**B.     An agreement to mediate early does not stay discovery.**

There is no requirement that mediation occur before discovery. This is evident from the case scheduling order, which establishes a discovery cut-off that expires before the deadline for mediation. *See* Doc. 25 at 1-2. Local Civil Rule 39.1 does not stay discovery or delay the case schedule while mediation is pending.

**C.     Delaying discovery and other case deadlines undermines the public policy favoring ADR.**

There is a public policy favoring ADR. As Local Civil Rule 39.1(a)(1) states,

MOTION TO COMPEL DISCOVERY
(3:11-cv-05598 BHS) Page - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27379\2\PLEADINGS - SUSAN CURWEN\MOTION TO COMPEL DISCOVERY.DOC

> This rule constitutes the alternative dispute resolution program authorized by the court pursuant to the Alternative Dispute Resolution Act of 1998, 28 U.S.C. § 651 et seq. The rule encourages and promotes the early and inexpensive resolution of disputes through one or more alternative dispute resolution procedures, as defined below. The court finds that the use of alternative dispute resolution procedures promotes timely and affordable justice while reducing calendar congestion.

In this case, plaintiff agreed to mediate her claims well in advance of the court-ordered deadline, but she never agreed to delay discovery or move any case deadlines as defendants now request. If defendants' request were granted, it would greatly discourage agreements for early mediation. Fewer litigants would agree to mediate early if it meant the case would be delayed. Defendants' request also creates a bad incentive for litigants to use mediation for the purpose of delay rather than in a genuine attempt resolve the case in a timely and affordable way. This is not to say that the litigants cannot, if they choose, agree to delay discovery and continue deadlines while mediation is pending; but no such agreement occurred here.

**D.    Mrs. Curwen requests an order compelling discovery.**

William C. Smart, counsel for Mrs. Curwen, has in good faith discussed the firm's request for delaying discovery and continuing case deadlines with opposing counsel. Because the parties disagree, we have filed this motion to compel discovery to go forward. Additional authority for this Motion is found in Fed. R. Civ. P. 37(a)(1), which states: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."

## VI.    CONCLUSION

Mrs. Curwen requests an order directing that discovery continue notwithstanding the parties' agreement to mediate the claims in this action.

MOTION TO COMPEL DISCOVERY
(3:11-cv-05598 BHS) Page - 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27379\2\PLEADINGS - SUSAN CURWEN\MOTION TO COMPEL DISCOVERY.DOC

1   DATED this 29th day of March, 2012.

2                                           KELLER ROHRBACK L.L.P.

3

4                                           By _____/s/ Isaac Ruiz_____
5                                              William C. Smart, WSBA #8192
                                               Isaac Ruiz, WSBA #35237
6                                              Attorneys for Plaintiff

MOTION TO COMPEL DISCOVERY
(3:11-cv-05598 BHS) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27379\2\PLEADINGS - SUSAN CURWEN\MOTION TO COMPEL DISCOVERY.DOC

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Mr. Michael Griffin
Mr. David Black
Jackson Lewis LLP
600 University St.
Suite 2900
Seattle, WA 98101-4174
*Attorney for Defendant Mark J. Dynan*

Mr. John T. Dalton
Merrick, Hofstedt & Lindsey, P.S.
3101 Western Avenue
Suite 200
Seattle, WA 98121-1024
*Attorney for Defendant Mark W. Conforti*

Mr. Joel Wright
Mr. Marc Rosenberg
Ms. Michelle Corsi
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
*Attorneys for Defendant Gierke, Curwen, P.S.*

                              s/ *Shannon K. McKeon*
                              Shannon McKeon

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
() Page - 7

N:\CLIENTS\27379\2\PLEADINGS - SUSAN CURWEN\MOTION TO COMPEL DISCOVERY.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384