Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SUSAN CURWEN,<br><br>    Plaintiff,<br><br>    vs.<br><br>MARK J. DYNAN; MARK W. CONFORTI; GIERKE, CURWEN, P.S.,<br><br>    Defendants. | No. 3:11-cv-05598-BHS<br><br>DEFENDANT GIERKE, CURWEN, P.S.'S REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULING ORDER AND BRIEFLY STAY DISCOVERY PENDING MEDIATION<br><br><u>NOTED FOR HEARING</u>:<br>APRIL 6, 2012 |

## I. INTRODUCTION

Defendant Gierke Curwen, PS (the "Firm") has requested that the Court briefly stay discovery pending the upcoming May 8, 2012 mediation and amend the case schedule to provide the parties with additional time to prepare for trial. (ECF No. 29, 32). In the interim, Plaintiff Susan Curwen has moved to compel discovery, (ECF No. 30), and filed a response to the Firm's motion to amend and stay. (ECF No. 33). Neither Plaintiff's motion nor response brief provide a reasonable basis on which to deny the relief requested by the Firm or suggest that there is prejudice to Plaintiff in granting relief. The Firm therefore continues its request for a brief stay in discovery to the May 8, 2012 mediation and to amend the case schedule.

## II. SUPPLEMENTAL FACTS

On March 29, 2012, counsel for the Firm indicated that a letter was going to be provided that day to Plaintiff outlining the informal discovery that it was willing to provide for

DEFENDANT GIERKE CURWEN'S REPLY IN
SUPPORT OF MOTION TO AMEND AND STAY - 1
3:11-cv-05598-BHS
5417778.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

purposes of the mediation. The Firm indicated that it would file its motion to stay discovery in order to protect itself against the burdensome pre-mediation discovery sought by Plaintiff, but that it might strike the motion if an agreement could be reached based on its coming letter. The letter was provided to Plaintiff at 3:04 PM. Rosenberg decl., Ex. 6.[1]  In its March 29, 2012 letter, the Firm indicated it was willing to provide significant informal document production prior to the mediation. Ex. 6. Almost immediately following reception of this letter, Plaintiff filed a Motion to Compel Discovery. (ECF No. 30).

On April 2, 2012, Plaintiff then served extensive formal discovery on the Firm. Ex. 7.

### III.  POINTS AND AUTHORITIES

**A.     The Firm provided a meet and confer certification.**

Plaintiff argues the Court cannot hear the discovery portion of this motion because the Firm did not provide a Rule 26(c)(1) / Rule 37(a)(1) certification. (ECF No. 33 at 6). The Firm did provide a meet and confer certification in its motion and declaration. (ECF No. 29 at 5); (ECF No. 32 at 5 ¶ 9). Plaintiff even concedes a meet and confer occurred. (ECF No. 30 at 5). Plaintiff is simply wrong and her argument is disingenuous.

**B.     Plaintiff's tactics discourage attempts at early resolution; and Plaintiff has not provided a legitimate reason why the case should not be continued.**

Plaintiff's argument against amending the case schedule consists of one paragraph. (ECF No. 33 at 4-5). Plaintiff first emphasizes the Firm seeks a five-month continuance. *Id*. This is not surprising since the Firm indicated in the Joint Status Report and Discovery Plan: "Defendants believe the case will be ready for trial by March 2013, and that an earlier trial date would provide insufficient time for discovery and expert disclosures." (ECF No. 23 at 4 ¶ 12). The case schedule ultimately provided three months less than requested, and some of this

---

[1] The few exhibits cited to in this facts section come from the concurrently filed Declaration of Marc Rosenberg in Opposition to Plaintiff's Motion to Compel Discovery and in Further Support of Motion to Briefly Stay Discovery. The Rosenberg declaration was primarily created to address issues raised in Plaintiff's Motion to Compel Discovery, but is being offered early because it may be helpful to this Court in understanding events occurring after the filing of the Firm's motion to amend the case schedule and briefly stay discovery.

DEFENDANT GIERKE CURWEN'S REPLY IN
SUPPORT OF MOTION TO AMEND AND STAY - 2
3:11-cv-05598-BHS
5417778.doc

LEE • SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

diminished time was apparently lost trying to work with Plaintiff to resolve the matter through informal discovery and efforts at settlement.

Plaintiff's tactic of appearing to work with the Firm to informally and amicably resolve the matter, then barraging the Firm with extensive discovery immediately prior to a scheduled mediation, is a tactic that frustrates efforts at early settlement and will discourage such efforts in the future. Perhaps the Firm erred by trusting Plaintiff that the Parties would forego formal discovery in an effort to seek an early, informal resolution. It is an error that will not likely be repeated. As Plaintiff points out, expert disclosures are due in June 2012, and formal discovery has not occurred. Amending the case schedule in order to provide sufficient time to the Parties is "good cause".

Local Rule CR 16 expressly permits this Court to modify or forego any of the deadlines in its scheduling order. Rule 16(m)(2). The standard for amending the case schedule is only "good cause". Fed. R. Civ. P. 16(b)(4).

> Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery

Fed. R. Civ. P. 16, Advisory Committee Notes, 1983 Amendment, Subdivision (b); Scheduling and Planning.

The Firm has shown sufficient cause to have this court amend the case schedule. The Firm received three months less to prepare the case than it originally requested, and then sought to amicably settle the case with Plaintiff prior to engaging in formal discovery. If settlement is not successful, then the Firm will be prejudiced in the preparation of its defense. In contrast, Plaintiff will not be prejudiced by a brief continuance, and does not claim otherwise. In light of the facts of this case, a brief continuance is warranted.

DEFENDANT GIERKE CURWEN'S REPLY IN
SUPPORT OF MOTION TO AMEND AND STAY - 3
3:11-cv-05598-BHS
5417778.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

    **C.**    **The Court is well within its discretion to briefly stay discovery, and a brief stay is warranted since driving up the cost of litigation will frustrate settlement, especially where the claims include attorney fee provisions.**

Plaintiff argues that briefly staying discovery and amending a case schedule undermines the public policy favoring ADR. (ECF No. 30 at 4-5). While citing Rule 39.1, which contains the policy favoring ADR, Plaintiff does not cite any authority for the proposition that briefly staying discovery undermines this policy. Rather, Plaintiff argues that: (1) some parties would not agree to early mediation if it meant their case would be delayed, and (2) others might use early mediation as a method to delay cases.

First, few cases, like this one, involve a husband and a wife who have chosen to file two separate lawsuits based on related facts, in which one lawsuit has been filed in federal court and the other one is being conducted by agreed arbitration, and in which the pace of the two cases create a tension in the concurrent pace of litigation. (ECF No. 1); (ECF No. 18, Ex. 2). The needs in this case are very distinct, and it is unlikely the situation has occurred before and will ever occur again, so that Plaintiff's concerns are not well taken.

But even considered in a vacuum, granting a few week stay to permit parties to engage in mediation does not necessarily delay other deadlines, especially if parties had previously agreed to the type of informal discovery that the Firm was previously willing to provide for purposes of making mediation meaningful. Rosenberg decl., Ex, 2 – Ex. 6. Briefly staying discovery and amending a case schedule does not undermine the public policy favoring ADR. In fact, it has been considered of benefit in some cases. Plaintiff attempts to distinguish this case from *ArrivalStar*, 2012 WL 588806 (N.D. Cal. Feb. 22, 2012) (staying discovery pending mediation will conserve resources of parties and not impose an inequity on any party). Plaintiff argues: "Ms. Curwen's case is different because no party here sought an early settlement conference or early ADR <u>in the Joint Status Report and Discovery Plan</u>." (ECF No. 33 at 6) (underline added). Plaintiff does not controvert that that Parties devoted significant time trying to resolve this case through seeking an early mediation. (ECF No. 32 at ¶¶ 3-5). If parties

DEFENDANT GIERKE CURWEN'S REPLY IN
SUPPORT OF MOTION TO AMEND AND STAY - 4
3:11-cv-05598-BHS
5417778.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

mutually express a desire to each other to seek an early settlement, it is irrelevant whether parties include this sentiment in a status report and does not affect the public policy benefit.

*ArrivalStar* is not the only case on point, just the most recent case in the Ninth Circuit. *See also Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008) (district court held that stay of patent litigation was warranted because patent owner faced no material prejudice from limited stay, case was in early stages, little if any discovery had been undertaken, and stay would maximize the likelihood that parties would not expend their resources and it would encourage settlement); *Sauk County v. Grede Foundries, Inc.*, 145 F.R.D. 88, 91 (E.D. Wis. 1992) (district court entered an order staying discovery pending mediation, in part, so the parties could "devote their full efforts to mediation, and in order to prevent discovery costs from escalating at an exponential rate"); *Marshall v. Hartford Fire Ins. Co.*, 78 F.R.D. 97, 107 (D. Conn. 1978) (stay of discovery would allow both parties an even better opportunity to settle their differences informally).

In fact, unlike the Plaintiff here, it is common for parties to stipulate to stay discovery pending the outcome of an early mediation. *See e.g., Vescio v. Merchants Bank*, 272 B.R. 413, 443 (D. Vt. 2001) ("arrangement was made voluntarily by the lawyers as the parties tried to settle the various issues, and a stay of discovery is very common in such circumstances"); *N.A.A.C.P., Boston Chapter v. Boston Hous. Auth.*, 723 F. Supp. 1554 (D. Mass. 1989) (parties agree to a thirty (30) day stay of discovery subject to negotiations to settle the lawsuit pursuant to an established schedule and an informal exchange of information as needed for such discussions); *Martin v. Taft*, 222 F. Supp. 2d 940, 948 (S.D. Ohio 2002);

On the other hand, permitting discovery to proceed will likely frustrate potential settlement. The Curwen's claims contain allegations of discrimination under RCW 49.60, which provides an attorney fee provision. It is easy to imagine facing at mediation an inflated attorney fee demand based on the alleged need to engage in discovery, including preparing for

DEFENDANT GIERKE CURWEN'S REPLY IN
SUPPORT OF MOTION TO AMEND AND STAY - 5
3:11-cv-05598-BHS
5417778.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

and taking the 30(b)(6) depositions. Such a situation tends discourage potential settlement, especially where the Firm would have had to expend considerable time, effort, and money in responding to extensive discovery just prior to mediation.

In sum, many district court opinions, as well as stipulations between parties in similar situations, espouse the position that briefly staying discovery in order to pursue settlement encourages settlement by conserving the parties' resources and permitting them to focus on resolution of the issues.  Plaintiff has neither shown she is prejudiced by a brief stay nor presented any authority that staying discovery discourages settlement.  Under the facts of this case, a brief stay in discovery to May 9, 2012 is appropriate, with any deadlines for discovery responses beginning to run, if the matter is not first settled, on May 9, 2012.

## IV.  CONCLUSION

Chances of settlement through mediation will be improved if the Firm is not subjected to extensive formal discovery immediately prior to the May 8, 2012 mediation.  It is appropriate for the Court to impose a brief stay on discovery until May 8, 2012. If still necessary after mediation, any deadlines can commence running on May 9, 2012.  The Firm also requests an amended case schedule, so that the Defendants have time to adequately prepare for trial, especially in light of the extensive time spent working with Plaintiff toward settlement.

Respectfully submitted this 6th day of April, 2012.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
Joel E. Wright, WSBA No. 8625
Marc R. Rosenberg, WSBA No. 31034
Attorneys for Defendant
Gierke, Curwen, P.S

701 Pike Street, Suite 1800
Seattle, WA  98101
206-624-7990
mr@leesmart.com

DEFENDANT GIERKE CURWEN'S REPLY IN SUPPORT OF MOTION TO AMEND AND STAY - 6
3:11-cv-05598-BHS
5417778.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

<u>DECLARATION OF SERVICE</u>

I hereby certify that on the date provided below, I electronically filed with the Clerk of the Court using the CM/ECF system the foregoing motion, and Declaration of Marc Rosenberg in support of the motion, which will send notification of filing to the following individuals:

Mr. William C. Smart
Mr. Isaac Ruiz
Keller Rohrback, LLP
Washington Mutual Tower
1201 Third Avenue, Suite 3200
Seattle, WA  98101
(206) 623-1900

Mr. Michael Griffin
Mr. David Black
Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, WA 98101
(206) 405-0404

John T. Dalton
Merrick, Hofstedt & Lindsey, P.S.
3101 Western Avenue, Suite 200
Seattle, WA 98121
(206) 682-0610

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

DATED April 6, 2012, at Seattle, Washington.

LEE SMART, P.S., INC.

By: <u>s/ Marc Rosenberg</u>
Marc Rosenberg, WSBA No, 31034
Of Attorney for Defendant
Gierke, Curwen, P.S

701 Pike Street, Suite 1800
Seattle, WA  98101
206-624-7990
mr@leesmart.com

DEFENDANT GIERKE CURWEN'S REPLY IN SUPPORT OF MOTION TO AMEND AND STAY - 7
3:11-cv-05598-BHS
5417778.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944