Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SUSAN CURWEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARK J. DYNAN; MARK W. CONFORTI; GIERKE, CURWEN, P.S.,<br><br>    Defendants. | No. 3:11-cv-05598-BHS<br><br>DECLARATION OF MARC ROSENBERG IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF MOTION TO BRIEFLY STAY DISCOVERY |

Marc Rosenberg declares as follows:

1.  I am an attorney for defendants Gierke Curwen, P.S. I am over the age of 18 years and am competent to testify as to the matters contained herein.

2.  This case is companion litigation to *Gregory B. Curwen v. Mark J. Dynan, Mark W. Conforti, Gierke, Curwen, P.S.*, Superior Court of Washington in and for Pierce County, case number 11-2-12271-4 ("the Gregory Curwen case"). *See* (ECF No. 18, Ex. 2). The claims in the Gregory Curwen case are subject to contract mediation and arbitration and are not subject to a Superior Court case scheduling order. (ECF No. 18, Ex. 3). The plaintiffs in the two cases, Gregory Curwen and Susan Curwen, are husband and wife, and their claims arise out of their employment with the Firm. (ECF No. 1 at 1 ¶ 1). Mr. and Mrs. Curwen are both represented by attorney William Smart and Keller Rohrback LLP. *See* (ECF No. 1 at 7); (ECF No. 18, Ex. 2 at 15).

DECLARATION OF MARC ROSENBERG IN
OPPOSITION TO PLAINTIFF'S MOTION TO
COMPEL DISCOVERY AND IN FURTHER SUPPORT
OF MOTION TO BRIEFLY STAY DISCOVERY - 1
3:11-cv-05598-BHS
5416610.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3. Mrs. Curwen asserts claims of discrimination, retaliation, wrongful termination, outrage, and breach of contract, and requests an assortment of damages. (ECF No. 1 at 4-6). It is anticipated that documentation that eventually may have to be located, reviewed, and produced, if the case does not settle, might be in the range of ten to twenty thousand pages of records. (ECF No. 32 at ¶ 2). The parties' initial disclosures in the Susan Curwen case identify thirty-five witnesses and, based on the claims and the defenses, it is reasonable to estimate approximately six to eight expert witnesses will be presented in the case for all parties. *Id.*

4. In the Gregory Curwen case the agreements require that mediation be held before the parties engage in the arbitration discovery process. (ECF No. 18, Ex. 1 at ¶ 16.3) ("As a precondition of the demand for arbitration the parties agree that they shall participate in a one-day, non-binding mediation of the dispute(s)"). In the Susan Curwen case, the parties have, until recently, followed a similar approach and have not conducted formal discovery. In order to reduce litigation costs and to reduce animosity, the parties delayed written discovery and depositions in the Susan Curwen case as well as in the Gregory Curwen case. The parties recognized it was best in these cases to first try to resolve the claims rather than to litigate the claims and perhaps further polarize the parties' positions.

5. It has taken the parties a considerable amount of time to agree on a mediator and a mediation date. (ECF No. 32 at ¶ 4). There are voluminous emails and correspondence on these issues in the two cases that could be submitted to support this proposition, but the Firm chooses not to flood the Court with documents. The parties recently agreed Judge Terrence Carroll (retired) will act as the mediator of the claims, and the mediation date is May 8, 2012. *Id*. The parties recently agreed that the arbitrator for the Gregory Curwen case will be Judge Steven Scott (retired). *Id*. Then, almost immediately following these agreements, Plaintiff served her first formal discovery.

DECLARATION OF MARC ROSENBERG IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF MOTION TO BRIEFLY STAY DISCOVERY - 2
3:11-cv-05598-BHS
5416610.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6.      On March 15, 2012, Plaintiff served our office with two Notice of Videotaped 30(b)(6) deposition of Gierke, Curwen, P.S., one in Susan Curwen'a case, (ECF No. 32, Ex. 1), and one in Gregory Curwen's case. Ex. 1.[1] The Greg Curwen notice lists thirty-three subjects on which the designated witness(es) is directed to testify. *Id*. The notices also directs our client to produce documents as to each of these categories, citing Rule 30(b)(2). *Id*. No Request for Production was served on the Firm. The location, accumulation, and review of such records would take a considerable amount of time for the employees and attorneys, and result in disruption to the work of the defendant law firm, in addition to expenditure of significant legal fees by all parties. (ECF No. 32 at ¶ 6).

7.      On March 22, 2012, in order to facilitate informal discovery in preparation for mediation, our office signed a CR 2A agreement, on behalf of the client, at the request of Plaintiff, to permit experts to obtain and share the Firm's financial records. Ex. 2.

8.      On March 23, 2012, our office sent Plaintiff a letter indicating the parties should agree to informal discovery sufficient to make mediation meaningful. Ex. 3. The Firm requested Plaintiff to strike the Rule 30(b)(6) depositions, and proposed that the parties jointly move to request a brief continuance in the case to permit the parties sufficient time to engage in mediation without extensive discovery and, at the same time, have sufficient time to prepare for trial of settlement was not accomplished. *Id*.

9.      On March 26, 2012, our office again reached out to Plaintiff with a letter that provided a draft motion to amend the case scheduling order and briefly stay discovery. Ex. 4. Our office requested that the parties work together to come to an agreement so as not to have to bring the issue before the court. *Id*.

---

[1] All exhibits cited to herein are attached to this declaration unless otherwise noted.

DECLARATION OF MARC ROSENBERG IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF MOTION TO BRIEFLY STAY DISCOVERY - 3
3:11-cv-05598-BHS
5416610.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

10.	March 27, 2012, Plaintiff sent us an email that notes that we had already agreed to provide its outside financial records to Plaintiff's expert, and proposes that we provide Plaintiff "with documents relating to categories 12-17 and 22-30 in our 30b6 notice." Ex. 5. Only the Greg Curwen deposition notice had categories going up to 30, as the Susan Curwen notice had 22 categories. Counsel for the Parties later discussed some of these discovery categories telephonically and were working toward a hopeful resolution.

11.	On March 29, 2012, Joel Wright at our office indicated to Plaintiff's counsel Will Smart that a letter was going to be provided that day outlining the informal discovery that it was willing to provide for purposes of the mediation. We indicated that we would file our motion to stay discovery in order to protect itself against the burdensome pre-mediation discovery sought by Plaintiff, but that we might strike the motion if an agreement could be reached based on its coming letter. The letter was provided to Plaintiff at 3:04 PM. Ex. 6.

12.	In its March 29, 2012 letter, our office indicated that we were willing to provide the following categories of documents prior to the mediation in both cases: employment files for Greg and Susan Curwen (## 3-4); Susan Curwen's employment contract (#9), the Firm's policies in regard to discrimination claims (#10); to the extent available, statements and emails by Mark Dynan or Mark Conforti regarding Greg or Susan Curwen and Greg Curwen (## 12-15); and financial documents (## 20-21). The Firm also indicated that it would informally producer corporate documents and documents related to Greg Curwen's retirement (## 22-30), if the Curwen's would in turn provide correspondence between Gregory Curwen and Gary Branfeld regarding any aspect of the law firm's business or corporate governance; and all documentation in support of the Curwens' claims in relation to damages. We are unwilling to provide: (1) the employee files of non-parties to this litigation based on privacy rights of the non-party employee (#16), and (2) a copy of its hard drives, as they contain an immense amount of documents related to our client's clients that are attorney-client privileged, and

DECLARATION OF MARC ROSENBERG IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF MOTION TO BRIEFLY STAY DISCOVERY - 4
3:11-cv-05598-BHS
5416610.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

responding to the request would be over-burdensome in both the time of responding and the cost of providing any relevant documents, which could be obtained through more targeted requests. Ex. 6. Almost immediately following reception of this letter, Plaintiff filed the Motion to Compel Discovery. (ECF No. 30).

13. We also filed a motion to amend the case scheduling order and briefly stay discovery until after the May 8, 2012 mediation. (ECF No. 29, 32). We request that the Court deny Plaintiff's motion to compel discovery and grant our client's motion to amend the case scheduling order and briefly stay discovery until after the May 8, 2012 mediation.

14. The attached exhibits are true and correct copies of the originals.

**Exhibit 1**: 30(b)(6) deposition notice

**Exhibit 2**: Stipulation Regarding Documents

**Exhibit 3**: Letter dated March 23, 2012

**Exhibit 4**: Letter dated March 26, 2012

**Exhibit 5**: Email dated March 27, 2012 at 4:08 PM

**Exhibit 6**: Letter dated March 29, 2012

**Exhibit 7**: Plaintiff's First Interrogatories and Requests for Production

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

DATED April 6, 2012.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
701 Pike Street, Suite 1800
Seattle, WA 98101
(206) 624-7990
mr@leesmart.com

Of Attorneys for Defendants
Gierke Curwen, P.S.

DECLARATION OF MARC ROSENBERG IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND IN FURTHER SUPPORT OF MOTION TO BRIEFLY STAY DISCOVERY - 5
3:11-cv-05598-BHS
5416610.doc