UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN CURWEN,<br><br>        Plaintiff,<br><br>   v.<br><br>MARK J. DYNAN, et al.,<br><br>        Defendants. | CASE NO. C11-05598BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND CASE SCHEDULING ORDER AND STAY DISCOVERY PENDING MEDIATION |

This matter comes before the Court on Defendant Gierke Curwen, PS's ("the Firm") motion to amend the case scheduling order and stay discovery pending mediation (Dkt. 29) and Defendant Mark J. Dynan's ("Dynan") motion joining in the Firm's motion (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 4, 2011 Plaintiff Susan Curwen ("Curwen") filed her complaint. Dkt. 1. On September 19, 2011, the Firm answered. Dkt. 15. On October 27, 2011, the Firm

1  filed a motion to compel arbitration (Dkt. 17), which was denied by the Court on

2  December 13, 2011 (Dkt. 24).  In her complaint, Curwen brings claims against the Firm

3  for discrimination, unlawful retaliation, wrongful termination, outrage, whistleblowing

4  and breach of contract. Dkt. 1 at 4-6. Curwen has agreed to a mediation currently

5  scheduled for May 8, 2012. Dkt. 33 at 4; Dkt. 24.

6        On March 29, 2012, the Firm filed the instant motion seeking to stay discovery

7  until after the mediation, and to amend the case schedule to continue the trial date for five

8  months. Dkt. 29.  On April 4, 2012, Curwen responded (Dkt. 33) and on April 6, 2012,

9  the Firm replied (Dkt. 34).  On April 7, 2012, Dynan filed a motion joining in the Firm's

10 motion to stay discovery and amend the case schedule.  Dkt. 36.

11                             **II. FACTUAL BACKGROUND**

12       Curwen formerly worked at the Firm as an office manager but claims that she was

13 "forced to 'retire' by Mr. Dynan and Mr. Conforti, the two individuals who were running

14 the firm." *Id.*; Dkt 20 at 3. Curwen asserts that she was effectively fired by her

15 employers. Dkt. 20 at 3.

16       Discovery in this case has already begun, and is scheduled to be completed by

17 August 13, 2012. Dkt. 33 at 3-4.

18                                   **III. DISCUSSION**

19 **A.    Case Schedule**

20       A case schedule may be modified, but only when the moving party can show good

21 cause. Fed. R. Civ. P. 16(b)(4). The Firm argues that because it "received three months

22 less to prepare the case than it originally requested, and then sought to amicably settle the

case with Plaintiff prior to engaging in formal discovery," the Firm has shown good cause. Dkt. 34 at 3. The Court concludes that the Firm has failed to show good cause. Other than to point out that they originally requested trial start three months later than the December, 2012, date the case schedule reflects, and to argue that they will not be prepared to commence at that time (Dkt 34 at 2-3), the Firm has failed to show good cause for delaying the trial. Though the Firm asserts that Curwen has "not provided a legitimate reason why the case should not be continued," this erroneously shifts the burden onto the plaintiff when the rule clearly requires the movant to show good cause.

Additionally, the Firm argues that the main cause of the delay in their trial preparation has been "time . . . lost trying to work with Plaintiff to resolve the matter through informal discovery and efforts at settlement." Dkt. 34 at 3-7. While parties are encouraged to resolve disputes on their own, and often do, this does not excuse a party from preparing for set trial dates.

**B.    Stay of Discovery**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). This principle is subject to limitation. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying terms, including time and place, for discovery. Fed. R. Civ. P. 26(c)(1). Similarly to motions seeking to amend the case schedule, the burden is on the moving party to show good cause by "demonstrating harm or prejudice that will result from the

discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). A district court has wide discretion in controlling discovery. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Firm moves to stay discovery pending mediation to avoid "the prohibitive costs of recent discovery that may be rendered moot by the mediation that is set to occur" on May 8, 2012. Dkt. 29 at 1.

The Court concludes that the Firm has shown good cause to justify a stay of discovery pending mediation. A short stay of discovery pending mediation could conserve the resources of the parties and will not impose an inequity on any party. The Firm, in its arguments to stay discovery, points out the quickly approaching deadlines, the anticipated cost and burden of the discovery process, and its optimistic belief that the entire discovery process will be avoided due to the scheduled mediation and potential early resolution of the case. Dkt. 34 at 6-7. Though it is by no means certain that the mediation will successfully resolve the dispute between Curwen and the Firm, staying discovery until May 9, 2012, will cause a delay of no more than a few weeks and will not disadvantage any party.

Therefore, the Firm's motion is granted to the extent that discovery will be stayed pending mediation and denied to the extent that the trial date will not be continued.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Firm's and Dynan's motions to amend the case scheduling order and stay discovery pending mediation (Dkts. 29 & 36)

1  are **GRANTED in part** and **DENIED in part** in accordance with the Court's discussion
2  above.
3      Dated this 12th day of April, 2012.

　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　BENJAMIN H. SETTLE
　　　　　　　　　　　　　　　　　　　　United States District Judge