UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN CURWEN,

        Plaintiff,

  v.

MARK J DYNAN; MARK W CONFORTI; GEIRKE, CURWEN, P.S,

        Defendants.

CASE NO. C11-5598 BHS

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

This matter comes before the Court on Plaintiff Susan Curwen's ("Curwen") Motion to Amend the Complaint (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**PROCEDURAL & FACTUAL HISTORY**

On August 4, 2011, Curwen filed a complaint against Mark J. Dynan, Mark W. Conforti, and the law firm where they worked and in which they shared an ownership interest, Gierke Curwen, P.S. (the "Firm"). Dkt. 1. In her complaint, Curwen brings claims against the individually named defendants and the Firm for discrimination,

ORDER - 1

unlawful retaliation, wrongful termination, outrage, whistleblowing and breach of contract. Dkt. 1 at 4-6.

On September 19, 2011, each Defendant filed separate answers to Curwen's complaint. Dkts. 13, 14 and 15. On January 26, 2012, Curwen filed a motion to amend the complaint to change the name of the Firm to reflect its official name change to Dynan Conforti P.S. Dkt. 26. On February 2, 2012, Curwen withdrew her motion to amend the complaint (Dkt. 28) at the request of the Firm's counsel (Decl. of Marc Rosenburg, counsel for the Firm). Dkt. 43 at 1-2.

On March 29, 2012, the Firm filed a motion to amend the scheduling order and briefly stay discovery pending mediation. Dkt. 29. On April 4, 2012, Curwen responded in opposition to the Firm's motion to amend the scheduling order and stay discovery pending mediation. Dkt. 33. In her response, Curwen indicated that the parties had separately agreed to early mediation in May of 2012. *Id*. at 4. On April 6, 2012, the Firm filed a reply to Curwen's response. Dkt. 35. On April 7, 2012, the individually named Defendants filed a joint motion to join in the Firm's motion to amend the scheduling order and briefly stay discovery. Dkt. 36.

On April 12, 2012, the Court issued an order granting in part and denying in part Defendants' motions to amend the scheduling order and stay discovery. Dkt. 38. In its order, the Court denied Defendants' motion to amend the scheduling order, which sought a five-month continuance of the trial date, but granted Defendants' motion to stay discovery pending the scheduled May 9, 2012 meditation, acknowledging that mediation may not successfully resolve the parties' dispute. *Id*. at 3-4.

ORDER - 2

Before the scheduled mediation, the parties apparently had a disagreement as to the scope of informal discovery. *See* Dkt. 43 at 2 (Decl. of Marc Rosenburg, Firm's counsel, in opposition to Curwen's motion to amend) and Dkt. 45 at 2 (Supp. Decl. of Isaac Ruiz, Curwen's counsel, in support of Curwen's motion to amend). The mediation did not occur. *Id.*

On April 17, 2012, Curwen filed the instant motion to amend the complaint to reflect the Firm's name change from Geirke, Curwen, P.S. to Dynan Conforti P.S. Dkt. 40. On April 30, the Firm filed a response in opposition to Curwen's motion to amend. Dkt. 42. On May 5, 2012, Curwen filed a response. Dkt. 44.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a party may amend once "as a matter of course" within twenty-one days after the pleading is served if no responsive pleading is allowed, or twenty-one days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This case implicates the latter principle.

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597,

603 (4th Cir. 2010). The Firm primarily presents arguments on variations of the first two bases. Thus, the Court addresses only those arguments.

### 1. Prejudice: Tarnishing the Firm's New Trade Name

Here, the Firm has officially changed its name from Gierke, Curwen P.S. to Dynan Conforti, P.S.. The Firm argues that the amendment of its name in the complaint to reflect the name change will unduly prejudice them by "tarnishing" the "current incarnation of the firm." Dkt. 42 at 1, 4, and 7.

Curwen argues this is a "routine motion," with no "improper purpose of besmirching the reputation" of the Firm. Dkt. 44 at 2. In fact, Curwen contends that the Firm would have stipulated to this change were "mediation . . . unsuccessful." Dkt. 44 at 2 *(citing* Dkt. 42 at 2). In accord with Fed. R. Civ. P. 10(a), which states that a title of a complaint "must name all the parties," Curwen argues the Firm's name must be changed. Dkt . 40 at 2.

Under Washington State law, the Firm is now a personal services corporation named Dynan Conforti, P.S. Dkt. 41 at 1 (Decl. of Isaac Ruiz, Curwen's counsel, in support Curwen's motion to amend) and *id*. at 3 (Exh. A copy of the State of Washington's Corporation Division, search results for the law firm "Dynan Conforti, P.S."). The Firm is not a new entity; it simply has a new name. Therefore, the Court finds that amending the complaint to reflect the Firm's legal name is not prejudicial but an appropriate amendment to accurately indicate who the Firm is.

### 2. Bad Faith: Early Mediation Efforts

The Firm also argues that the "timing of [Curwen's] motion" makes it "suspect." Dkt. 42 at 5. In essence, the Firm argues that Curwen brings her motion for an improper purpose: to "harass the Firm." *Id.* In briefing the "timing" issue, the Firm discusses Curwen's non-participation in the May 2012 scheduled mediation, calling it a "unilateral withdrawal." Dkt. 42 at 1. Apparently, the parties entered into informal negations about an exchange of documents prior to the scheduled May 2012 mediation. On April 17, 2012, the Firm indicates there was disagreement as to the scope of informal discovery. Dkt. 24 at 3. The Firm deems Curwen's withdrawal from the planned mediation and "immediate filing" of the motion to amend the complaint an act of bad faith or further evidence of improper purpose. Dkt. 42 at 3. Additionally, it maintains that Curwen "should not be rewarded for her breaching both her commitment to engage in early resolution and to abstain from filing this motion," while there is still plenty of time to do so before the Court's mediation deadline of November 1, 2012. Dkt. 42 at 6-7.

Curwen, however, argues that the "early mediation's failure" "has nothing to do with the motion to amend." Dkt. 44 at 2. Curwen maintains that the mediation efforts were not successful because the "[Firm] reneged on its promise to provide a broad range of documents in advance of mediation." Dkt. 44 at 2.

When the Court granted Defendants' motion to stay discovery pending the May 2012 mediation, the Court was neither requiring either party to engage in early resolution, nor was it committing itself to adjudicate disputes about informal agreements the parties

may have entered into in arriving at that early mediation. The Court encourages parties to negotiate mutually agreeable resolutions. However, the Court does not consider the parties' informal agreements or breach thereof relevant to its task of deciding this particular motion. Therefore, the Court can find no bad faith or improper purpose here.

A party is free to make a motion to amend the complaint whenever it deems appropriate, unless otherwise legally barred. Curwen properly made her motion to amend. The Court finds that having the Firm's legal name, Dynan Conforti, P.S., in the complaint will serve the interests of justice.

## ORDER

Therefore, it is hereby **ORDERED** that:

**1.** Curwen's Motion to Amend the Complaint is **GRANTED.**

**2.** Curwen may file the Amended Complaint by June 8, 2012.

Dated this 1st day of June, 2012

_____
BENJAMIN H. SETTLE
United States District Judge